# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60145
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 4, 2013

Lyle W. Cayce
Clerk

JAIME ANTONIO TORRES-VILLASANA,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A089 936 753

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:*

Jaime Antonio Torres-Villasana, a native and citizen of Mexico, petitions this court for review of a decision of the Board of Immigration Appeals (BIA) affirming the decision of the immigration judge (IJ) denying his applications for cancellation of removal and withholding of removal. He argues that the IJ violated his due process rights by denying his application for cancellation of removal without holding a full hearing. He also argues that the IJ erred as a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

matter of law by denying his application for withholding of removal. The Government argues that this court lacks jurisdiction over Torres-Villasana's petition for review based on the criminal alien bar and the exhaustion doctrine.

Judicial review of a final removal order is available only if the alien has exhausted all administrative remedies as of right. 8 U.S.C. § 1252(d)(1). Failure to exhaust administrative remedies creates a jurisdictional bar to this court's consideration of an issue. *Wang v. Ashcroft*, 260 F.3d 448, 452 (5th Cir. 2001). "An alien fails to exhaust his administrative remedies with respect to an issue when the issue is not raised in the first instance before the BIA – either on direct appeal or in a motion to reopen." *Id*. at 452-53.

Torres-Villasana's sole argument before the BIA related to the IJ's alleged errors regarding his determination that Torres-Villasana was not eligible for withholding of removal. Because Torres-Villasana failed to challenge the denial of the application for cancellation of removal by raising his due process argument before the BIA, the exhaustion doctrine precludes this court's review of the issue. *Wang*, 260 F.3d at 452. Accordingly, the petition for review is dismissed in part for lack of jurisdiction as to this claim.

Before this court, Torres-Villasana argues that the IJ erred as a matter of law by finding that he was not eligible for withholding of removal because the testimony and evidence established that it was more likely than not that he would be persecuted if he were forced to return to Mexico. Specifically, he argues that he would more likely than not have his freedom and life threatened by gangs, cartels, and corrupt police based on his avoidance of joining their criminal enterprise. The Government argues that this court lacks jurisdiction to entertain Torres-Villasana's claim, which merely challenges the factual determinations underlying the IJ's decision, in light of the criminal alien bar set forth in 8 U.S.C. § 1252(a)(2)(C).

No. 13-60145

We pretermit this jurisdictional issue because Torres-Villasana's arguments are without merit. *See Madriz-Alvarado v. Ashcroft,* 383 F.3d 321, 327-28 (5th Cir. 2004). The IJ's determination that Torres-Villasana is not eligible for withholding of removal is reviewed using the substantial evidence standard. *Chen v. Gonzales,* 470 F.3d 1131, 1134 (5th Cir. 2006). "The applicant has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Id.* To obtain withholding of removal, an applicant must show a clear probability that he will be persecuted upon his return to his home country. *Roy v. Ashcroft,* 389 F.3d 132, 138 (5th Cir. 2004). "A clear probability means that it is more likely than not that the applicant's life or freedom would be threatened by persecution on account of either his race, religion, nationality, membership in a particular social group, or political opinion." *Id.*

Torres-Villasana argues that he will be subject to persecution based on his membership in a particular social group, namely, young males targeted by drug cartels for recruitment. To show persecution based on membership in a particular social group, the alien must show he is a member "of a group of persons that share a common immutable characteristic that they either cannot change or should not be required to change because it is fundamental to their individual identities or consciences." *Orellana-Monson v. Holder,* 685 F.3d 511, 518 (5th Cir. 2012) (internal quotation marks and citation omitted). In considering whether a particular social group exists, the BIA considers "(1) whether the group's shared characteristic gives the members the requisite social visibility to make them readily identifiable in society and (2) whether the group can be defined with sufficient particularity to delimit its membership." *Id.* at 519 (internal quotation marks and citation omitted).

No. 13-60145

The particular social group proposed by Torres-Villasana is overly broad. There was no evidence that the cartels targeted "young men with any particular political orientation, interests, lifestyle, or any other identifying factors." *Orellana-Monson*, 685 F.3d at 521-22 (internal quotation marks and citation omitted). Accordingly, Torres-Villasana's proposed particular social group lacks particularity. *See id.* As such, he was not entitled to withholding of removal. *See Roy*, 389 F.3d at 138. The petition for review is denied in part as to this claim.

DISMISS IN PART FOR LACK OF JURISDICTION; DENY IN PART.